THE SECURITY BANK OF PINE ISLAND v.
HOWARD HOLST AND OTHERS.
WALTER McFARLAND, APPELLANT.

215 N. W. 2d 61.

February 8, 1974—No. 43977.

*Wayne A. Pokorny,* for appellant.
*Clarence H. Schlehuber,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Scott, JJ., and considered and decided by the court.

PER CURIAM.

Defendant Walter McFarland appeals from an order denying his motion for judgment notwithstanding the verdict or for a new trial. The court had ordered judgment in favor of plaintiff for conversion of the proceeds of the sale of certain calves. Plaintiff had an unrecorded security interest in the calves of which McFarland had notice. We affirm.

Plaintiff bank loaned defendant Howard Holst money for the purchase of certain calves, taking a chattel mortgage on said calves. That mortgage was not recorded. Defendant McFarland furnished feed for these calves to Holst. Holst arranged the sale of the calves through McFarland, and the proceeds of the sale were delivered to McFarland. McFarland deducted the feed bill due him from Holst and remitted the balance of the proceeds to Holst. The feed bill apparently included charges for feed other than that furnished to the subject calves.

The trial court, based on a special verdict of the jury, found that McFarland was on notice of plaintiff's security interest and ordered judgment in favor of plaintiff against defendant McFarland. The court also ordered judgment in favor of McFarland against defendant Holst. Only McFarland appealed.

In the lower court proceedings, McFarland took the position that both he and plaintiff were creditors and that by a fortuitous circumstance he had come into possession of property of defendant Holst and was entitled to offset his claim against said proceeds. He affirmatively took the position at all times during the lower court proceedings that he was not a lien creditor.

On appeal McFarland now seeks to raise the issue of an equitable lien. In Urban v. Continental Convention & Show Management, Inc. 244 Minn. 44, 47, 68 N. W. 2d 633, 635 (1955), we said:

"* * * It is elementary that on appeal a case will be considered in accordance with the theory on which it was pleaded and tried, and a party cannot for the first time on appeal shift his position."

We reaffirm this position.

Appellant raises no issues on appeal challenging the decision of the court below. There is nothing before us to decide.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of the argument and submission, took no part in the consideration or decision of this case.