*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1799**

In re the Estate of:
Leonard J. Marihart, Decedent

**Filed June 8, 2015
Affirmed
Worke, Judge**

Big Stone County District Court
File No. 06-PR-13-227

Paul A. Marihart, Duluth, Minnesota (pro se appellant)

Norman M. Abramson, Sheryl G. Morrison, Joy R. Anderson, Gray, Plant, Mooty & Bennett, P.A., Minneapolis, Minnesota (for respondent Angeline Nosbusch)

Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges the district court's construction of a will, arguing that the district court erred in considering extrinsic evidence because the will is unambiguous. Appellant further argues that the district court should have awarded him reimbursement for litigation expenses. We affirm.

# DECISION

*Ambiguity*

Appellant Paul Marihart (Marihart) argues that the district court misconstrued the will of his great-uncle, Leonard J. Marihart (the decedent). Marihart asserts that the district court "erred by not reading [the decedent's] [w]ill using [the decedent's] words and provisions." In essence, Marihart argues that the language of the decedent's will was unambiguous and properly reflected the decedent's intent in distributing his estate; thus, the district court should have examined only the text of the will without considering extrinsic evidence. Whether a will is ambiguous is reviewed de novo. *In re Trust of Shields*, 552 N.W.2d 581, 582 (Minn. App. 1996), *review denied* (Minn. Oct. 29, 1996).

Marihart's argument fails for two reasons. First, he may not bring this claim on appeal because he argued the opposite below. Before the district court, Marihart sought to interpret the language of the will so that he and his fellow objectors fit within that language. Marihart now contends that the will is unambiguous and the language as written should control. "It is elementary that on appeal a case will be considered in accordance with the theory on which it was pleaded and tried, and a party cannot for the first time on appeal shift his position." *Sec. Bank of Pine Island v. Holst*, 298 Minn. 563, 564, 215 N.W.2d 61, 62 (1974) (quotation omitted); *see Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues . . . presented and considered by the [district] court"; "[n]or may a party obtain review by raising the same general issue litigated below but under a different theory." (quotation omitted)).

2

Second, the district court properly concluded that the decedent's will was ambiguous. "A latent ambiguity in a will . . . may arise . . . when the will contains a misdescription of the object or subject, as whe[n] there is no person or thing in existence." *In re Estate of Arend*, 373 N.W.2d 338, 342 (Minn. App. 1985) (quoting *In re Pope's Estate*, 91 Minn. 299, 306, 97 N.W. 1046, 1048 (1904)). A district court may consider extrinsic evidence to resolve an ambiguity. *Id.* The decedent's will describes bequests to his "children" when none exist; it describes bequests to his "descendants" when none exist. A will that refers to nonexistent persons is ambiguous.

Marihart argues that Article 2.2, which would govern distributions to "children," and Article 3.2, which would govern distributions to "descendants," are unambiguous because the decedent intended them to be inoperative. Marihart contends that the decedent intended Article 3.3, which governs distribution of any residuary, to control the distribution of his estate. Marihart's argument is unsupported by any legal authority. It also stretches credulity: according to Marihart, not only did the decedent intentionally add (or, at best, purposely leave in place) inoperative articles in his will, he also intentionally added meaningless definitions that applied only to those inoperative articles. In other words, the decedent added provisions about nonexistent persons and also specifically defined particulars about those nonexistent persons: Article 6 of the will lays out definitions, one of which applies only to Article 3.2. Marihart's argument simply cannot be sustained, particularly when a reasonable alternative explanation is that some boilerplate language was employed in drafting (a possibility noted by an expert on wills who testified at trial). In addition, some confusion existed as to whether the decedent

3

intended to refer to his step-children—within the four corners of the will itself, it refers to "my step-daughter" (legally proper because he had step-children) but also "my son-in-law" (legally improper because he did not have a son-in-law).

The district court properly concluded that the will was ambiguous and appropriately considered extrinsic evidence. Marihart has not challenged the district court's interpretation of the extrinsic evidence.

## Litigation expenses

Marihart also argues that the district court should have awarded the objectors their cost of objecting. A district court's denial of litigation expenses is reviewed for abuse of discretion. *See In re Estate of Anderson*, 654 N.W.2d 682, 688 (Minn. App. 2002), *review denied* (Minn. Feb. 26, 2003) (referring to denial of attorney fees).

The district court's judgment must be affirmed because Marihart points to no expenses of any kind incurred as a result of this litigation. There is no basis in the record upon which to justify any reimbursement. *See In re Stisser Grantor Trust*, 818 N.W.2d 495, 508 (Minn. 2012) (stating that "the complete lack of evidence supporting [the] claim [for compensation of expenses] leaves us in no position to question the [district] court").

**Affirmed.**