*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1903**

In re the Matter of:
Brian Hirabayashi, petitioner,
Appellant,

vs.

Chantha Sorn,
Respondent,

County of Dakota, intervenor,
Respondent.

**Filed June 29, 2015
Remanded
Stoneburner, Judge**<sup>∗</sup>

Dakota County District Court
File No. 19-F7-06-004296

Kay Nord Hunt, Marc A. Johannsen, Lommen Abdo, P.A., Minneapolis, Minnesota (for appellant)

Chantha Sorn, Rosemount, Minnesota (pro se respondent)

James C. Backstrom, Dakota County Attorney, Valisa L. McKinney, Assistant County Attorney, West St. Paul, Minnesota (for respondent)

        Considered and decided by Worke, Presiding Judge; Reilly, Judge; and

Stoneburner, Judge.

---

∗ Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

The district court denied appellant-father Brian Hirabayashi's motion to select the school and modify the parenting time for the parties' younger child. For three reasons, father asks this court to reverse the district court's order and to grant the relief requested in his motion: (1) respondent-mother Chantha Sorn did not respond to his motion, (2) the district court failed to take sworn testimony at a hearing on the motion, and (3) the district court failed to make adequate findings to support its order. Because meaningful review of the district court's decision is not possible without specific findings on the best interests of the child, and because the record is devoid of evidence that would permit this court to review the district court's assessment of the child's best interests, we remand to the district court.

## FACTS

The parties have two children: M.S. and her younger brother, A.S. By judgment entered on December 13, 2012, the parties have joint physical and joint legal custody of their children, and father has parenting time "[e]very Friday after school through Sunday evening and Thursday evening overnight as the parties agreed."[1] By an agreement of the parties not memorialized in any court document, M.S. is attending school in Richfield and staying with father during the week.

In September 2014, father moved the district court to order that A.S., who was then entering kindergarten, attend school in Richfield. Father also moved to modify

---

[1] The record is unclear about how the parents share parenting time in the summer, but suggests that the children are together during the summer.

parenting time so that mother would have parenting time on Fridays after school through Sunday evenings and he would have parenting time on Sunday evenings through Friday mornings. In an affidavit he filed to support his motion, father asserts that mother unilaterally enrolled A.S. in school in Apple Valley[2] and that mother, who was nine months pregnant at the time of father's motion, no longer lives in Apple Valley but is living with her boyfriend in St. Paul. Father's affidavit asserts that it is in the best interest of A.S. both to attend the same school as his sister and to attend school with children who reside in the neighborhood where A.S. lives. Father also asserts that the change in parenting time would make it more convenient for transporting and caring for the children. Mother did not respond to father's motion.

At a September 16, 2014 hearing on father's motion, father appeared with counsel and mother appeared pro se. Father's attorney noted that mother had not responded to the motion and argued the motion to the district court. Afterwards, the district court asked mother to respond and, without putting mother under oath, asked her several questions. Father's attorney objected to mother's unsworn "testimony," again noting that mother had not responded to the motion. The district court responded by saying "Thank you," and then continued to solicit mother's response to father's motion.

In her remarks to the district court, mother asserted that, for the past six months, she had only been "staying" with her boyfriend, who was now caring for her and their

---

[2] Father's motion and supporting affidavit do not identify the school district or the specific school. Because mother's address of record is in Rosemount, it is likely that A.S. was enrolled in the Rosemount-Apple Valley-Eagan School District. In her comments to the district court, mother identified the school as "Parkview."

3

two-week old baby; that she owns a house with her brother in Apple Valley[3] that is being remodeled and that she is "back and forth" between that house and her boyfriend's residence. Mother also asserted that she had allowed M.S. to live with father during the week and attend school in Richfield to avoid disputes with father. She said, "I kind of figured . . . it would be even to have her go to school there and I take my son . . . ." Mother also asserted that A.S. loves his school, which is only two blocks from her house.

The district court permitted father's attorney to respond to mother's comments. Counsel alleged inconsistencies in mother's assertions, argued that mother cannot make unilateral decisions about school attendance, and reiterated both that the district court is the decision-maker absent agreement of joint custodians and that the district court's decision must be based on the best interests of the child.

The district court subsequently filed its order denying father's motion, stating summarily: "It is in the best interests of the children for their current parenting time schedule and current school enrollment to remain unchanged." Father appeals; mother has not responded to the appeal.

**D E C I S I O N**

Joint legal custodians of a child "have equal rights and responsibilities" when making decisions about that child's "education." Minn. Stat. § 518.003, subd. 3(b) (2014). If joint legal custodians cannot agree on where a child will attend school, the district court is to resolve the question based on the best interests of the child. *See Novak v. Novak*, 446 N.W.2d 422, 424 (Minn. App. 1989) (reversing and remanding for the

---

[3] This appears to be a house with a Rosemount address.

4

district court to resolve, based on a child's best interests, the joint legal custodians' dispute about where the child would attend school), *review denied* (Minn. Dec. 1, 1989). "The best interests of the child means all relevant factors to be considered and evaluated by the court," including the listed statutory factors, Minn. Stat. § 518.17, subd. 1 (2014); *see also Novak*, 446 N.W.2d at 424 (noting that "[t]he law makes no distinction between general determinations of custody and resolution of specific issues of custodial care").

Both statutory law and caselaw emphasize the necessity for a district court, when resolving custody questions, to make detailed findings of fact addressing the child's best interests. *See* Minn. Stat. § 518.17, subd. 1 (stating that the district court "*must* make detailed findings on each of the [best-interests] factors and explain how the factors led to its conclusions and to the determination of the best interests of the child") (emphasis added); Minn. Stat. § 645.44, subd. 15(a) (2014) (stating that "'[m]ust' is mandatory"); *Wallin v. Wallin*, 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971) (stating that "it is especially important that the basis for the district court's [custody-related] decision be set forth with a high degree of particularity if appellate review is to be meaningful"). Without findings by the district court addressing the best-interests factors, "it is nearly impossible for [an] appellate court to conduct a meaningful review." *Abbott v. Abbott*, 481 N.W.2d 864, 867 (Minn. App. 1992) (remanding a modification of custody to the district court for best-interests findings).

Here, the lack of specific findings by the district court makes it impossible to meaningfully review any issue raised by father on appeal. We agree with father that because mother was not sworn, she was not a witness, and her unsworn comments are not

5

testimony and therefore not evidence that could support the district court's decision. *See State v. Schifsky*, 243 Minn. 533, 539, 69 N.W.2d 89, 93 (1955) (stating both that "[a] witness, of course, is one who has been sworn according to law[,]" and that "testimony means the statement made by the witness under oath in the trial of a case or in a legal proceeding"). Without specific findings, we are unable to determine if the district court relied at all on mother's unsworn statements or merely concluded that father's affidavit was insufficient to establish that the relief he seeks is in the best interests of A.S. Aside from stating the preferences of each parent, father's affidavit does not provide facts that relate to the best-interests factors found in Minn. Stat. § 518.17, subd. 1(a), making it impossible for this court to review any determination about school choice based on the best interests of A.S. And father's request for modification of parenting time is inextricably linked to the school-attendance issue: father did not advance any independent argument for modification of his parenting time with A.S.

Because we cannot effectively review the district court's decision, we remand to the district court, which, in its discretion, may make specific findings to support denial of father's motions, or reopen the record to reconsider the motions and issue an order with specific findings on the best-interests factors based on admissible evidence. By suggesting that the district court may reopen the record, we do not intend to make any comment on the merits of the motions.

**Remanded.**