*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0667**

Hennepin County,
Respondent,

Mamie Jegbadai,
Respondent,

vs.

Gbenga Akinnola,
Appellant.

**Filed February 29, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-FA-09-8294

Michael O. Freeman, Hennepin County Attorney, Theresa Farrell-Strauss, Assistant
County Attorney, Minneapolis, Minnesota (for respondent Hennepin County)

Mamie Jegbadai, Minneapolis, Minnesota (pro se respondent)

Gbenga J. Akinnola, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Halbrooks,

Judge.

UNPUBLISHED OPINION

**PETERSON**, Judge

Appellant father challenges a child-support magistrate's order that modifies father's basic child-support obligation during a period of father's unemployment and education, imputes income to father for purposes of setting his basic child-support obligation thereafter, and rejects father's claim for reduction of his child-support arrears. We affirm.

**FACTS**

Appellant Gbenga Akinnola's marriage to respondent Mamie Jegbadai was dissolved in September 2011. The parties have one child, C.A., who was born in 2009.

A child-support magistrate (CSM) set appellant's basic child-support obligation at $761 per month when the issue was first raised in Minnesota in May 2013.[1] At that hearing, appellant stated that his annual income from employment as an engineer was $70,000, but he provided no other financial information or documentation regarding his employment. In a separate order, the CSM required appellant to pay $12,905 in past child support for the period August 1, 2011, to July 31, 2013.

Thereafter, appellant repeatedly attempted to reduce his basic child-support obligation and his child-support arrears,[2] the CSM repeatedly denied his motions, and

---

[1] The original judgment and decree did not address child support because the parties' marriage was dissolved in Florida, and the state of Florida did not have personal jurisdiction over C.A. at that time.

[2] "Arrears" are defined by statute as

> amounts that accrue pursuant to an obligor's failure to comply with a support order. Past support . . . contained in a support order [is] arrears if the court order does not contain repayment terms. Arrears also arise by the obligor's failure to comply

appellant brought a series of appeals challenging those denials, some of which were dismissed and two of which this court consolidated. In May 2015, this court issued its unpublished opinion in those consolidated appeals. *Hennepin County v. Akinnola*, No. A14-0612, 2015 WL 1959633 (Minn. App. May 4, 2015), *review denied* (Minn. June 30, 2015). This court characterized appellant's arguments as seeking a reduction in appellant's basic child support because "(1) [his existing obligation was] based on his income in mid-2013, rather than his significantly lower income in April 2009, when the parties separated, and (2) [his existing obligation did] not account for the student-loan debt he incurred in achieving [a] higher income level." *Id.*, at *2. This court affirmed the CSM's denials of appellant's motions, ruling that "[n]either claimed error warrants reversal because neither implicates a legal basis to modify father's child-support obligation." *Id*. This court also stated:

> [W]e observe that father had ample opportunity to litigate the issues he now raises. In mid-2013, when the county initiated the child-support proceeding, it asked father to supply his financial information; he failed to do so. Since then, he has repeatedly disputed what income and debt evidence should be considered in determining his support obligation, often through untimely and improperly filed submissions. And despite these procedural deficiencies, the CSM and district court have repeatedly considered and rejected father's substantive arguments. He may not continue to litigate these issues indefinitely. *See Maschoff v. Leiding*, 696 N.W.2d 834, 838 (Minn. App. 2005) (noting that, even in family-law matters,

---

> with the terms of a court order for repayment of past support . . . . An obligor's failure to comply with the terms for repayment of amounts owed for past support . . . turns the entire amount owed into arrears."

Minn. Stat § 518A.26, subd. 3 (2014).

> "an adjudication on the merits of an issue is conclusive, and should not be relitigated" (quotation omitted)).

*Id.*

While the consolidated appeals were pending in this court, appellant served on respondent on August 13, 2014, a motion to reduce his basic child-support obligation from $761 to $500 per month on the grounds that he was unemployed and attending law school. He also moved to "forgive or reduce" his child-support arrears. He repeated these claims in later, similar motions, all of which were heard at a single hearing on January 8, 2015.

By order dated February 18, 2015, the CSM found that appellant was involuntarily dismissed from his job as an engineer in March 2014 and received unemployment benefits that ended in September 2014, and that he expected to complete all of his law school coursework by December 30, 2014. The CSM granted appellant's motion to reduce his basic child-support obligation to $500 per month, effective September 1, 2014, through December 31, 2014, when appellant was a full-time law student. But because the CSM determined that appellant completed his schooling at the end of 2014 and was self-limiting his job search, the CSM reinstated appellant's basic child-support obligation of $761,[3] effective January 1, 2015. The CSM also denied appellant's motion to reduce his child-support arrears of nearly $13,000 because appellant sought "retroactive modification beyond the date of service of the present motion." This appeal followed.

---

[3] The February 18, 2015 order states that appellant "shall pay $784 per month as ongoing basic child support as previously ordered." But the CSM's findings of fact in the February order state that appellant was previously ordered to pay $761 for basic child support, plus $23 for child-care contribution. The $784 per month amount for ongoing basic child support incorrectly includes appellant's child-care contribution as basic child support.

4

**D E C I S I O N**

*Basic Child-Support Obligation*.

A valid child-support order remains in effect until a party moves to modify the order, and the district court may entertain a motion to modify "from time to time." Minn. Stat. § 518A.39, subd. 1 (Supp. 2015); *see Dakota County v. Gillespie*, 866 N.W.2d 905, 909 (Minn. 2015). A basis for modification may be shown if the terms of the existing support order are "unreasonable and unfair," which may be demonstrated by "substantially increased or decreased" income of an obligor or obligee, or the "substantially increased or decreased" needs of the obligor, obligee, or child. *Id.*, subd. 2(a)(1)-(2) (Supp. 2015). If the district court modifies a child-support order, the modification may be made retroactive only with respect to the "period during which the petitioning party has pending a motion for modification but only from the date of service of notice of the motion on the responding party and on the public authority if public assistance is being furnished or the county attorney is the attorney of record." *Id.*, subd. 2(e) (Supp. 2015); *see Dakota County*, 866 N.W.2d at 910 (interpreting this statutory language as "any modification of support—for whatever underlying reason—may be retroactive only, at the earliest, to the date of service of notice of the motion to modify"); *Lee v. Lee*, 775 N.W.2d 631, 643 (Minn. 2009) (interpreting this statutory language, in the context of a spousal maintenance dispute, to mean "that the choice of retroactive date is committed to the discretion of the district court, as long as the date chosen is within the statutory limits").

"[T]he district court enjoys broad discretion in ordering modifications to child support orders." *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002). An appellate court

5

"will reverse a district court's order regarding child support only if we are convinced that the district court abused its broad discretion by reaching a clearly erroneous conclusion that is against logic and the facts on record." *Id.* This court has applied the abuse-of-discretion standard of review to decisions issued by CSMs, and the Minnesota Supreme Court has acknowledged this court's use of that standard, but it has not addressed the propriety of doing so. *Id*. at 347-48.

*Support from September 2014 to December 2014*

Appellant challenges the portion of the CSM order requiring him to pay $500 per month for basic child support from September 2014 to December 2014. Following the January 8, 2015 hearing, the CSM found that appellant provided evidence to show that he had been involuntarily terminated from his engineering position and received unemployment benefits that ended in September 2014, but that he was attending law school full time until the end of December 2014.

Appellant did not seek to reduce his monthly basic support obligation below $500 for this period. Appellant now seeks to further reduce his basic support for the same period, but the district court did not err by failing to grant relief that appellant did not request. Because appellant did not ask the CSM to reduce his basic support obligation to less than $500 per month for this period, or offer a legal theory for doing so, appellant may not seek a further reduction on appeal. *See Kunza v. St. Mary's Reg'l Health Ctr.*, 747 N.W.2d 586, 589 (Minn. App. 2008) (stating that "[a] party may not obtain review" of a litigated issue "under a different theory"); *see also Sec. Bank of Pine Island v. Holst*, 298 Minn. 563, 564, 215 N.W.2d 61, 62 (1974) ("It is elementary that on appeal a case will be considered in

6

accordance with the theory on which it was pleaded and tried, and a party cannot for the first time on appeal shift his position." (quotation omitted)). Further, because the CSM did not consider the issue, we decline to consider it for the first time on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

*Support Beginning in January 2015.*

Appellant argues that the CSM abused her discretion by ordering his basic support obligation to return to $761 per month beginning in January 2015 following the conclusion of his legal studies. The CSM imputed income to appellant to arrive at this amount because she found that appellant "failed to demonstrate that he is not voluntarily unemployed." The CSM also found that appellant "has completed his schooling, he is not making a diligent effort to find employment, and is self-limiting his job search." Regarding appellant's job search, the CSM found:

> [Appellant] has no disability that would prevent him from working full-time. He claims that he is actively looking for employment but has made no applications for a legal job and has made only four job applications for work in quality control (the same kind of work he was doing in [his engineering job]) in the last six weeks. He has received no job offers. Although [appellant] is eligible to become a patent agent, he has not taken the exam or pursued work in that field. Currently, [appellant] is not attending school, is not doing his pro bono requirement and is making a less than diligent effort to find full-time work.

"If a parent is voluntarily unemployed, underemployed, or employed on a less than full-time basis, or there is no direct evidence of any income, child support must be calculated based on a determination of potential income." Minn. Stat. § 518A.32, subd. 1 (2014). A parent will not be considered voluntarily unemployed or underemployed if the

7

unemployment or underemployment "is temporary and will ultimately lead to an increase in income" or "represents a bona fide career change that outweighs the adverse effect of that parent's diminished income on the child." *Id.*, subd. 3(1)-(2) (2014). If a parent is voluntarily unemployed, underemployed, or employed on less than a full-time basis, determination of potential income may be based on "the parent's probable earnings level based on employment potential, recent work history, and occupational qualifications in light of prevailing job opportunities and earnings levels in the community." *Id.*, subd. 2(1) (Supp. 2015).

The CSM found that appellant was voluntarily unemployed because he "completed his schooling, he is not making a diligent effort to find employment, and is self-limiting his job search." The record fully supports this finding, and we defer to the CSM's credibility determinations that provided the basis for it. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) ("Deference must be given to the opportunity of the [fact-finder] to assess the credibility of . . . witnesses."). Appellant stated that he had only one phone interview and applied for only four positions in the previous six-week period. Also, the record does not show that any benefit from the change in appellant's career from engineer to attorney would outweigh the adverse effect to C.A. from appellant's diminished income due to making the career change. The CSM did not abuse its discretion by imputing income to appellant in calculating his ongoing basic support obligation.

***Child-Support Arrears.***

Appellant argues that the CSM erred by declining to reduce his child-support arrears. The CSM found that appellant now "owes arrears of more than $13,000," with the

majority owed to respondent personally. Appellant sought to have his support arrears reduced to $6,000. The CSM denied appellant's request because "he is seeking retroactive modification beyond the date of service of the present motion." This court applies a de novo standard of review to interpret statutes in child-support matters. *Hennepin Cty. v. Hill*, 777 N.W.2d 252, 254 (Minn. 2010).

Under Minn. Stat. § 518A.39, subd. 2(e), "A modification of support . . . may be made retroactive only with respect to any period during which the petitioning party has pending a motion for modification but only from the date of service of notice of the motion on the responding party . . . ." For purposes of this appeal, appellant served a motion to modify his child support on August 13, 2014. Therefore, the CSM properly refused to consider whether child-support arrears should be reduced for the period before that date. As to the period when the motion was pending, from August 13, 2014, to January 8, 2015, appellant offered no factual grounds for a reduction of past support, and his appellate brief does not address this period. The CSM did not err by declining to grant appellant's motion to reduce his child-support arrears.

**Affirmed.**