*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-0413**

In re the Custody of A. J.-E. L.,

William Robert Laurie, petitioner,
Appellant,

vs.

Brittany Elizabeth Nebel,
Respondent,

County of Wright,
Intervenor.

**Filed November 18, 2024**
**Affirmed in part and remanded**
**Smith, Tracy M., Judge**

Wright County District Court
File No. 86-FA-20-4266

William Robert Laurie, Apple Valley, Minnesota (pro se appellant)

Brittany Elizabeth Nebel, St. Michael, Minnesota (pro se respondent)

Considered and decided by Harris, Presiding Judge; Larkin, Judge; and Smith, Tracy M., Judge.

**SMITH, TRACY M.**, Judge

In this parenting dispute involving a motion to modify custody and parenting time, appellant William Robert Laurie[1] (father) raises three challenges. First, father argues that the district court erred when, without an evidentiary hearing, it granted respondent Brittany Elizabeth Nebel (mother) final decision-making authority over the child's mental-health decisions although the parties share joint legal custody. Second, father argues that the district court erred by modifying mother's duty to inform father of her travel with the child and by ordering that father forfeits his parenting time if he arrives more than 15 minutes late to a parenting exchange. Third, father argues that mother's motion to modify was procedurally barred.

As to the first issue, we conclude that the district court's order is inconsistent because it denies an evidentiary hearing and states that mother's motion to modify custody is denied but then grants mother final decision-making authority over the child's mental-health decisions, which is a modification of legal custody. We remand to the district court to resolve that inconsistency. As to the second issue, we conclude that the district court did not abuse its discretion when, based on the best interests of the child, it modified mother's travel-notice requirement and imposed a timeliness requirement on father. As to the third issue, we reject appellant's argument that mother's motion was procedurally barred. We

---

[1] We note that appellant wrote his name as "William Robert Laurie Sr." in his filings before this court, but we have used his name as it was entered by the district court at the start of this matter.

therefore affirm the district court's order with respect to the travel-notice modification and the timeliness requirement, and we remand to the district court to address the issue of modification of final decision-making authority over the child's mental-health decisions.

**FACTS**

Father and mother have one joint minor child, who was born in 2017. The parties were never married to each other. In 2020, the district court granted mother a harassment restraining order (HRO) against father. Father then filed a petition to establish custody and parenting time.

In January 2023, the district court filed an order for custody and parenting time reflecting the agreement that the parties had previously reached during a hearing on the petition. The order granted the parties joint legal custody, mother sole physical custody, and father parenting time. Father's parenting time included Thursdays and every other weekend with an alternating holiday schedule. The order also stated, in relevant part, that each party must notify the other 30 days before travel with the child and that the parties agreed to enroll the child in play therapy.

Several months later, the district court granted mother another HRO against father.

In October 2023, mother moved to amend the custody order. Mother submitted a supporting affidavit highlighting the acrimonious nature of the relationship between the parties and her concerns that father's erratic nature, lack of stable housing, and frequent late arrivals to parenting exchanges were negatively affecting the child. She also alleged that father prevented her from enrolling the child in regular play therapy by withholding his consent and refusing to agree to any one provider. Mother moved for sole legal custody

3

or, alternatively, sole legal custody in relation to the child's medical care and therapy. Mother also sought to limit father's parenting time to two hours of supervised contact per week and to remove the requirement that she report travel with the child to father unless it interferes with his parenting time.

In February 2024, the district court filed its order modifying the parties' prior order for custody and parenting time. In the order, the district court denied mother's motion for sole legal custody after determining that mother's allegations did not rise to the level of endangerment sufficient for a prima facie case for modification under Minnesota Statutes section 518.18(d)(iv) (2022). Nevertheless, the district court acknowledged that father's actions had prevented the child from receiving therapy. Because of those actions, the district court granted mother "final decision-making authority over all mental health decisions related to the parties' child including, but not limited to, selection of therapist and appointment times," should the parties disagree. The district court also stated that modifications to parenting time may be made in the best interests of the child under Minnesota Statutes section 518.175, subdivision 5(b) (2022).[2] Then, in relevant part, the district court (1) granted mother's motion to eliminate the requirement that she notify father of future travel with the child unless it interferes with his parenting time and (2) sua sponte ordered that father forfeits his parenting time with the child if he arrives more than 15 minutes late to a parenting exchange unless he and mother agree to a different pick-up time.

---

[2] Although the district court cites to Minnesota Statutes section 518.175, subdivision 5(a) (2022), in the order, the relevant statutory language originates from subdivision 5(b).

The district court denied mother's request that father's parenting time be changed to supervised parenting time.

Father appeals.[3]

## DECISION

Father asserts three arguments against the district court's rulings on mother's motion to modify custody and parenting time. We address each argument in turn.

## I.     Modification of Mental-health Decision-making Authority

Father argues that, because the district court determined that mother's evidence was insufficient to make a prima facie case of endangerment and because the district court did not hold an evidentiary hearing, it erred by effectively modifying legal custody when it granted mother final decision-making authority over the child's mental-health decisions. He argues that, in doing so, the district court misapplied Minnesota Statutes section 518.18 (2022). Statutory application is a question of law that appellate courts review de novo. *See Crowley v. Meyer*, 897 N.W.2d 288, 293 (Minn. 2017).

An existing award of legal custody may, under section 518.18(d), be modified if the movant shows, among other things, endangerment of a child's physical or emotional health. *In re Welfare of V.H.*, 412 N.W.2d 389, 391 (Minn. App. 1987). "'Joint legal custody' means that both parents have equal rights and responsibilities, including the right to participate in major decisions determining the child's upbringing, including[, among other

---

[3] Father is self-represented in this appeal. Mother did not file a responsive brief, and we ordered that the appeal be determined on the merits under Minnesota Rule of Civil Appellate Procedure 142.03.

things,] health care . . . ." Minn. Stat. § 518.003, subd. 3(b) (2022). Because mental-health decisions are part of the child's health care, granting mother final decision-making authority over the child's mental-health decisions means that the parties no longer have equal rights and responsibilities regarding the child's mental health matters. Thus, the district court modified the parties' joint legal custody.

A party seeking to modify a custody order based on endangerment must first make a prima facie case for modification. *Crowley*, 897 N.W.2d at 293. To make a prima facie case for an endangerment-based modification of custody,

> the moving party "must allege: (1) the circumstances of the child[] or custodian have changed; (2) modification would serve the child[]'s best interests; (3) the child[]'s present environment endangers their physical health, emotional health, or emotional development; and (4) the benefits of the change outweigh its detriments with respect to the children."

*Amarreh v. Amarreh*, 918 N.W.2d 228, 230 (Minn. App. 2018) (quoting *Christensen*, 913 N.W.2d at 440), *rev. denied* (Minn. Oct. 24, 2018). "Whether a party makes a prima facie case to modify custody is dispositive of whether an evidentiary hearing will occur on the motion." *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 292 (Minn. App. 2007). If the party seeking modification makes a prima facie case, the district court must hold an evidentiary hearing for the parties to present evidence on each statutory factor. *Crowley*, 897 N.W.2d at 293-94. If the party fails to make a prima facie showing, the district court must deny the motion. *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471, 472 (Minn. 1981). A district court may not modify custody without holding an evidentiary hearing in which it

6

determines the facts that permit modification. *Crowley*, 897 N.W.2d at 294; *see* Minn. Stat. § 518.18(d).

The district court determined that mother did not make a prima facie case of endangerment and was not entitled to an evidentiary hearing. The district court also denied mother's motion for sole legal custody. Nevertheless, the district court then modified legal custody by granting mother final decision-making authority over the child's mental-health decisions due to father's "history of interfering with the child's mental health services, the child's need to engage in therapy, and the acrimonious history of the parties." The grant to mother of final decision-making authority over mental-health care and the reasoning for that grant are inconsistent with the district court's determination that mother did not make a prima facie showing of endangerment and the district court's denial of her motion to modify legal custody.[4]

We remand this matter to the district court to resolve the inconsistency in its order. The district court may do so by amending the part of its order that grants mother final decision-making authority over the child's mental-health care. Or the district court may

---

[4] The district court may have viewed its decision to grant mother final decision-making authority with respect to the child's mental-health care as resolving a dispute between joint legal custodians instead of modifying legal custody. In *Novak v. Novak*, parents sharing joint legal custody disagreed about their child's schooling—the mother wanted to homeschool the child and the father wanted the child to attend public school. 446 N.W.2d 422, 423 (Minn. App. 1989), *rev. denied* (Minn. Dec. 1, 1989). We remanded the matter and directed the district court to resolve the dispute based on the child's best interests. *Id.* at 425. Here, the district court did not resolve a dispute over what type of therapy the child should receive or who should provide it based on the child's best interests. Instead, it granted mother final decision-making authority in mental-health decisions. Thus, the district court did not resolve a dispute between joint legal custodians as in *Novak*; rather, it modified the prior order of joint legal custody.

determine that an evidentiary hearing on mother's motion to modify is warranted and hold an evidentiary hearing on the motion. The district court may, in its discretion, reopen the record.

## II.     Travel-notice and Timeliness Requirements

Father challenges the district court's elimination of mother's duty to inform father of her travel with the child unless it interferes with father's parenting time and the district court's imposition of a requirement that father arrive to pick up the child within 15 minutes of any scheduled parenting exchange or forfeit that parenting time. Father contends that changing the travel-notice requirement modifies custody and that imposing the timeliness requirement restricts his parenting time. We understand father to argue that the district court erred by making these modifications after determining that mother failed to meet the requirements to modify custody based on endangerment under Minnesota Statutes section 518.18(d)(iv). From our review of the district court's order, it is evident that the district court made both modifications based not on endangerment but rather on the best interests of the child pursuant to Minnesota Statutes section 518.175, subdivision 5(b).

To resolve father's challenge to these modifications, we first determine whether the district court applied the proper statutory standard. Second, although father does not explicitly raise the argument, we also evaluate whether, in applying the correct legal standard, the district court abused its discretion by making the modifications.

### A.     Statutory Standard

"We review de novo the district court's determination of the appropriate standard to obtain relief." *Shearer v. Shearer*, 891 N.W.2d 72, 76 (Minn. App. 2017). As described

in the previous section, section 518.18(d)(iv) governs modification of custody based on endangerment. Another statute, Minnesota Statutes section 518.175, subdivision 5 (2022), governs modification of parenting time.

Under section 518.175, subdivision 5(b), "[i]f modification would serve the best interests of the child, the court shall modify . . . an order granting or denying parenting time, if the modification would not change the child's primary residence." "'Parenting time' means the time a parent spends with a child regardless of the custodial designation regarding the child." Minn. Stat. § 518.003, subd. 5 (2022). "'[P]rimary residence,' which is not defined by statute, relates to the principal location where the child resides." *Wolf v. Oestreich*, 956 N.W.2d 248, 253 (Minn. App. 2021) (quoting *Suleski v. Rupe*, 855 N.W.2d 330, 335 (Minn. App. 2014)), *rev. denied* (Minn. May 18, 2021). Under section 518.175, subdivision 5(c), however, a district court may not "restrict" parenting time unless parenting time "is likely to endanger the child" or the parent "chronically and unreasonably failed" to follow parenting-time provisions. While a reduction in parenting time "is not necessarily a restriction of parenting time," a restriction may occur "when a change to parenting time is 'substantial.'" *Dahl v. Dahl*, 765 N.W.2d 118, 123-24 (Minn. App. 2009) (quotations omitted); *see, e.g.*, *Clark v. Clark*, 346 N.W.2d 383, 385-86 (Minn. App. 1984) (determining multiple reductions in parenting time that reduced parenting time from 14 to 5 1/2 weeks per year was a restriction), *rev. denied* (Minn. June 12, 1984).

Father argues that the district court modified custody when it changed the travel-notice requirement. But whether mother notifies father of her plans to travel with the child impacts neither father's legal nor his physical custody. A lack of notice does not change

9

legal custody because it does not impact any of the activities that the child participates in. *See* Minn. Stat. § 518.003, subd. 3(a) (2022). And it does not modify physical custody because mother maintains "routine daily care and control" of the child. *See id.*, subd. 3(c) (2022). Additionally, the district court's order states that mother still must notify father of her travel with the child when it interferes with his parenting time, so the changed notification requirement is not a restriction of father's parenting time. Absent a change in custody or a restriction in parenting time, we conclude that the travel-notice requirement is a parenting-time modification governed by the best-interests standard as provided in section 518.175, subdivision 5(b).

Father also argues that the district court restricted his parenting time by imposing the timeliness requirement. As an initial matter, for the same reasons as those regarding the travel-notice requirement, the timeliness requirement does not modify legal or physical custody—it does not impact which activities the child enrolls in and does not change the mother's "routine daily care and control" of the child. *See* Minn. Stat. § 518.003, subd. 3(a), (c). Moreover, contrary to father's argument, the timeliness requirement does not restrict his parenting time. Under the timeliness requirement, father's parenting time is reduced only if he fails to arrive punctually to the scheduled parenting exchanges, which are set forth in the original custody order. A modification that only creates the possibility of reduced parenting time if the original order is not followed in a timely fashion is not a "substantial" change in parenting time. Thus, we conclude that the timeliness requirement is not a restriction but rather is a parenting-time modification that is governed by the best-interests standard as provided in section 518.175, subdivision 5(b).

10

The district court did not err by applying the best-interests standard in section 518.175, subdivision 5(b), when considering the two modifications to parenting time.

## B. Exercise of Discretion

We turn to the district court's determination that the modifications serve the best interests of the child. The district court has broad discretion to decide parenting-time matters. *Shearer*, 891 N.W.2d at 75. Appellate courts review modifications to parenting-time provisions for an abuse of that discretion. *Suleski v. Rupe*, 855 N.W.2d 330, 334 (Minn. App. 2014). "A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or delivering a decision that is against logic and the facts on record." *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022) (quotation omitted).

The district court modified mother's travel-notice requirement due to "the acrimonious relationship between the parties, the allegation that [father] continues to make requests regarding [mother's] past travel information, and the HRO between the parties." The district court ordered father's timeliness requirement "[t]o facilitate parenting time and reduce concerns," noting that "[mother] is frustrated that [father] is late for parenting time exchanges." The district court's order does not expressly state how these modifications might benefit the child. But the record shows that the child experiences anxiety and stress due to her family situation, and it is reasonable to conclude that the modifications, which appear to try to improve interactions between the parties, will serve the child's best interests. Therefore, we conclude that the district court did not abuse its discretion by

11

modifying mother's travel-notice requirement and ordering father to follow the timeliness requirement.[5]

### III.    Motion Not Procedurally Barred

Father also seems to contend that mother's motion to modify custody and parenting time was procedurally barred under Minnesota Statutes section 518.18(b) (2022). That statute bars a party from bringing a motion to modify custody within two years after a previous motion for modification was heard, subject to certain exceptions. Minn. Stat. § 518.18(b). But section 518.18(b) does not apply here because this is the first time that the district court heard a motion to modify legal custody in this case.

In conclusion, we affirm the district court's modification of mother's travel-notice requirement and the imposition of father's timeliness requirement. We remand to the district court to resolve the inconsistency in its order denying an evidentiary hearing but modifying legal custody to grant mother final decision-making authority over the child's mental-health decisions. The district court shall make the findings necessary to support whatever decision or decisions it reaches. Again, the district court may, in its discretion, reopen the record.

**Affirmed in part and remanded.**

---

[5] To the extent that father also argues that the district court is precluded from making these two parenting-time modifications pursuant to section 518.175, subdivision 5, because mother sought modification of custody based only on endangerment pursuant to section 518.18(d)(iv), we disagree. Section 518.175, subdivision 5(b), states that a court "*shall* modify" an order granting parenting time if modification is in the child's best interests. (Emphasis added.) Having determined that modification is in the child's best interests, the district court was obligated to modify.