In re the Marriage of Susan E. OHM, Petitioner, Appellant,

v.

Michael L. OHM, Respondent.

No. C8–86–3.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Thomas P. Schroeder, Detroit Lakes, for appellant.

John C. Quam, Detroit Lakes, for respondent.

Heard, considered and decided by LANSING, P.J., and PARKER, and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

The trial court ordered joint legal and physical custody of the parties' four year old daughter. The mother appeals, arguing that she should have been awarded sole legal and physical custody subject to the reasonable visitation rights in favor of the father. We reverse in part and affirm in part.

## FACTS

Susan Ohm and Michael Ohm were married on October 24, 1981. The parties' only child, Candace, was born on December 2, 1981.

The parties commenced separate actions for dissolution of their marriage.

Prior to trial, a county social worker conducted a custody study. She concluded that both parents expressed adequate plans for meeting Candy's educational and health needs, noting that the child has close positive relationships with both of her parents. The social worker cautioned, however, that Susan's "admitted depression and increased chemical usage when Candy is not in her physical custody" may indicate unresolved separation issues and an over dependence upon the child to meet her emotional needs. The social worker also raised issues concerning Susan's "chemical usage pattern" and her "cohabitation with a man charged with sexual abuse of a minor after her knowledge of the charge."

The social worker noted that Michael was relatively uninvolved with Candy when she was younger, but that at the present time he is working regular hours and "seems to have both the time and the desire to provide Candy with quality parenting." The social worker added that Michael appears to be genuinely interested in Candy's welfare and appears to have an adequate and realistic plan for meeting her needs. At trial, the social worker testified that while she did not make a recommendation in her report, she leaned toward the conclusion that Michael would do the better job of parenting.

Susan's friends testified that Susan did not host wild parties, as suggested, that she only went to a local bar several nights a week when she did not have custody, and that Susan became intoxicated on only one occasion. There was testimony that Susan did not have relationships with the men who stayed at her house on a number of occasions.

The trial court awarded joint legal and physical custody, with physical custody awarded to Susan during the day and to Michael in the evening. The parties are to alternate custody on the weekends and during holidays.

The trial court based its award on a number of findings. The trial court found that Susan receives welfare benefits and that Michael is employed full-time. The trial court also found that Susan hosted many drinking parties from the time of separation to the time the custody study was commenced, that Susan has the capacity to be a good mother, but that "there is a lingering question as to whether she has the desire to be an exemplary mother." The trial court further found that both parties are fit and proper persons to have both legal and physical custody.

In its attached memorandum, the trial court addressed *Pikula v. Pikula,* 374 N.W.2d 705 (Minn.1985). The trial court determined that Susan is the primary parent of Candace. The trial court objected to

Susan's lifestyle, however, and stated as follows:

> [T]he court is worried about [Susan's] life style after the evening sun has set, and therefore, until her living style has stabilized further, and until such time as a stabilized and healthy family environment has been more fully developed by her and such stability can be clearly established, this Court does believe that the shared custody provided for [in the judgment and decree] is consistent with the recent case of *Pikula v. Pikula* \* \* \*.

Susan appeals from the judgment and decree. She challenges the trial court's findings of fact and application of the law as they relate to the trial court's custody award.

### ISSUE

Was the trial court's refusal to award sole physical custody to the primary caretaker an abuse of discretion?

### ANALYSIS

We will only consider "whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law." *Pikula,* 374 N.W.2d at 710 (citations omitted).

In awarding child custody, the best interests of the child are primary. Minn.Stat. § 518.17, subd. 3 (1984). In considering the best interests of a child, the court is to consider all relevant factors, including those enumerated in the statute. *See id.* subd. 1. In addition, the factors in subdivision 1 require that when both parents seek custody of a child too young to express a preference for a particular parent and one parent has been the "primary caretaker," custody is to be awarded to the primary parent absent a showing that the primary parent is unfit to be the custodian. *Pikula,* 374 N.W.2d at 713.

■ Once the primary caretaker is identified, a presumption arises granting that party custody "unless it is shown that the child's physical or emotional health is likely to be endangered or impaired by being placed in the primary parent's custody." *Id.* at 714.

■ Under the statutory scheme and *Pikula,* the trial court is required to make particularized findings of fact regarding the best interests of the child and the primary parent. When joint, physical and/or legal custody is sought or contemplated, additional factors related to the parents' ability to cooperate must be considered. *See* Minn.Stat. § 518.17, subd. 2. The primary parent preference described in *Pikula* is not secondary, however, to a preference for joint physical custody. *Brauer v. Brauer,* 384 N.W.2d 595, 598 (Minn.Ct.App. 1986). Thus, the primary parent is given preference in the physical custody determination over a preference for joint physical custody.

■ Having found that Susan Ohm is the primary parent, the trial court improperly applied the law of *Pikula* by awarding the parties joint physical custody of their daughter. As the primary parent, a preference arose requiring physical custody be granted to Susan, and that preference was not overcome by a showing that the child's physical or emotional health would be endangered by granting Susan physical custody as evidenced by the trial court's conclusion that she is a fit parent. Furthermore, the trial court improperly inquired into Susan's desire to be an exemplary mother when such a standard is nonexistent. We conclude that the trial court erred by misapplying *Pikula.* However, the award of joint legal custody is supported by the record and we therefore affirm that award. This is consistent with the legislative intent as expressed in 1986 Minn. Laws ch. 406, § 1.

### DECISION

The physical custody decision of the trial court is reversed. Sole physical custody shall be awarded to Susan Ohm, subject to Michael Ohm's visitation, and joint legal custody in the parties is affirmed.

Reversed in part, affirmed in part.