In re the Marriage of William Paul PETERSEN, Petitioner, Respondent,

v.

Lupe Ybbera PETERSEN, Appellant.

No. CX–86–231.

Court of Appeals of Minnesota.

Oct. 21, 1986.

Review Denied Dec. 17, 1986.

Stephen D. Gabrielson, Dougherty & Scott, Fairmont, for respondent.

Charles H. Thomas, Mankato, for appellant.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Lupe and William Petersen's marriage was dissolved March 10, 1983. The trial court found that neither parent was a "fit and proper person" to receive custody of their child, Josephine, born May 28, 1977. The child was placed with her paternal grandparents.

Each party moved for modification of the custody order in July 1984, each seeking sole custody. Following trial in April 1985, the court entered judgment September 11, 1985 and entered an amended judgment November 14, 1985, granting William sole legal and physical custody. Lupe appeals. We affirm.

## FACTS

Lupe and William were married in 1976. When their marriage was dissolved in March 1983, the trial court found that they were both unfit and placed Josephine temporarily with her paternal grandparents in Ceylon, Minnesota, where she has lived since that time. The court determined that William was unfit primarily because of his lack of progress in recovering from alcoholism. Lupe was found to be unfit primarily because she was living with a convicted felon.

Since the first trial, William has been active in Alcoholics Anonymous and has not had a drink since finishing treatment in October 1983. He lives in Ceylon and spends most of his non-working time with Josephine. He cooks dinner for her several nights a week at his house. She sleeps in his house except those nights he attends A.A. meetings (when she sleeps at the grandparents) or when Lupe has visitation.

At the time of this trial Lupe lived in Fairmont with a woman she knew from church. She has regularly visited Josephine.

The court considered this trial an initial custody determination rather than change of custody, apparently so that neither party would have to meet the higher modification standards of Minn.Stat. § 518.18 (1984).

The court heard testimony from a total of 15 witnesses, including two psychologists and four social workers. A custody study was prepared at the request of the court and the social worker who prepared it, Linda Shaw, testified. Her report recommended that William receive permanent custody, although Josephine's needs could be met by either parent. The basis for the recommendation was that William and his parents have provided a stable environment for the child, and an award of custody to William would continue that stability. Lupe's living arrangements show less stability and an award to her would require removing Josephine from the community and school she had been in since her placement with her grandparents in 1983.

The court held that both parties are fit and proper parents for Josephine, awarded legal and physical custody to William, and granted Lupe liberal visitation rights. The court's detailed findings included the fact that Josephine expressed a reasonable preference to live with her father, and that petitioner has a long standing degree of permanence, whereas

[t]he respondent's home has not been permanent in the past and gives no indication of permanence in the near or long term. It is away from the community, school, and friends of the child.

## ISSUES

1. Did the trial court abuse its discretion by failing to make a finding as to who was the child's "primary caretaker?"

2. Were the findings supported by the evidence?

## ANALYSIS

Appellate review of a custody award is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Pikula v. Pikula*, 379 N.W.2d 705, 710 (Minn.1985). The trial court's findings must be sustained unless clearly erroneous. *Id.*

The trial court must base its custody decision on the best interests of the child. Minn.Stat. § 518.17, subd. 3 (1984); *Pikula*, 374 N.W.2d at 713. Subdivision 1 of that statute sets forth the factors the trial court should consider in making its determination.

In *Pikula*, the supreme court held that those statutory factors require

that when both parents seek custody of a child too young to express a preference for a particular parent and one parent has been the primary caretaker, custody be awarded to the primary parent absent a showing that that parent is unfit to be the custodian.

374 N.W.2d at 713.

The trial court expressly did not make a finding as to the primary caretaker and concluded that both parents are fit to be custodians.

■ The trial court found that Josephine is over eight (8) years of age and has expressed a reasonable preference to live with her father.

Appellant asserts this finding is not supported by the record.

However, Shaw testified that Josie on some occasions indicated she wished her father would have custody of her.

Karen Meany, a social worker from the agency supervising the grandparents' temporary custody of Josephine, testified "[Josephine] did indicate she would prefer to stay with her father."

Josephine was seven at the time of trial. In *Pekarek v. Pekarek*, 384 N.W.2d 493, 498 (Minn.Ct.App.1986), this court noted that a child of eight was old enough to express a custodial preference. Also, an intelligence test administered to the child showed her to be in the bright-superior range.

The preceding evidence is sufficient support for the court's finding that Josephine expressed a reasonable preference for her father to receive custody.

■ Appellant acknowledges that Josephine has spent the last nearly three years "sharing a residence between respondent and the grandparents," but argues that this is a result of an incorrect initial placement with the grandparents, and that Lupe's failure to appeal that decision should be excused because she was entitled to, but did not receive, court-appointed counsel to bring an appeal.

That argument is irrelevant, however, even assuming the failure to appeal can be excused, because the custody determination must be based on the best interests of the child. *Pikula*, 374 N.W.2d at 711. Whether or not Lupe was unfairly prejudiced by an earlier custody order has no bearing on the determination of what is best for the child now.

The court made detailed written findings reflecting proper consideration of the factors set forth in Minn.Stat. § 518.17, subd. 1. *See Rosenfeld v. Rosenfeld*, 311 Minn. 76, 80–81, 249 N.W.2d 168, 171–72 (1976). Appellant concedes that the amended findings do so.

## DECISION

The trial court's finding that Josephine was old enough to express a reasonable

custodial preference is not clearly erroneous. The record is clear that it is in her best interests to remain in the environment she is now in. The custody award to the father is not clearly erroneous. We affirm.