**In re the Marriage of Michael NIES, Petitioner, Respondent,**

v.

**Debra K. NIES, Appellant.**

**No. C0–86–1761.**

Court of Appeals of Minnesota.

June 16, 1987.

Thomas W. Lies, St. Cloud, for respondent.

Debra K. Nies, pro se.

Considered and decided by POPOVICH, C.J., and STONE, and MULALLY, JJ.,* with oral argument waived.

## OPINION

BRUCE CHARLES STONE, Acting Judge.

Debra Nies appeals from a judgment granting sole legal custody of the parties' two children to respondent Michael Nies.

### FACTS

Appellant Debra Nies and respondent Michael Nies were married in 1974. The parties are parents of two children, ages 10 and 8. On June 12, 1984 the parties performed a pro se dissolution pursuant to a stipulation. They stipulated to joint legal and physical custody with respondent having primary physical custody from 7:30 p.m. to 8:30 a.m., and appellant from 8:30 a.m. to 7:30 p.m. The parties had lived with this arrangement prior to the dissolution.

On January 21, 1985 the original dissolution decree was vacated and reopened as to custody, support, and property division. Appellant was granted temporary custody of the children and subsequently moved from St. Cloud, Minnesota to Duluth, Minnesota. Respondent was given visitation rights every other weekend. However, appellant frequently denied and interfered with visitation. In fact, on three occasions respondent was forced to move for compliance with the order or move for more specific visitation language. The record reveals that the parties' marriage was filled with violent, argumentative behavior, resulting in continued friction and

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

communication difficulties following the dissolution.

The trial court next ordered the parties to participate in a custody study and mediation. Mediation proved fruitless, but a two part custody study in Stearns and St. Louis counties was conducted. At the custody hearing, both parties sought sole legal and physical custody, or in the alternative some form of joint legal custody.

The St. Louis County study found appellant's home adequate, observed a strong relationship between appellant and the children, noted the children expressed no preference for either parent, but did not make any custody recommendation. The investigator testified that she observed no problems with appellant's parenting abilities.

The Stearns County investigation recommended respondent have primary physical custody of the children. Respondent also was found to be capable of providing supervision and had a loving and good relationship with the children. The investigator noted that the children expressed a strong preference for living with their father, and that appellant frequently interfered with visitation. Further, the investigator found the children repeatedly were left unsupervised after school and in the evenings, while efforts by social services and respondent failed to convince appellant to provide adult supervision for the children. At trial, the investigator testified that after reexamining the case and the lack of cooperation between the parties, he would recommend sole physical and legal custody in respondent.

An in-camera interview of the children by the court confirmed their preference to live with respondent and that appellant had left them unattended at times. Appellant denied leaving the children unattended in the evenings, and testified that the children had become integrated with Duluth through school and other activities. She testified that from the oldest child's birth through the date of the hearing she assumed the primary caretaker role. She claimed that respondent, who worked full-time, spent minimal time with the children.

She also testified as to the parties' violent past relationship.

Respondent's testimony confirmed the difficulties encountered in visitation. He also testified that prior to the dissolution, after appellant started working evening hours, he took charge of the children's care because she left them unsupervised. He continued to take care of the children evenings after the dissolution. Finally, he testified that he was the primary caretaker immediately prior to, and during the time of, the dissolution.

The trial court awarded respondent sole legal and physical custody of the children, and granted appellant reasonable visitation. Debra Nies appeals the trial court's ruling pro se.

## ISSUES

1. Did the trial court abuse its discretion in granting respondent custody of the children?

2. Did the evidence and findings support the trial court's award of sole legal custody?

## ANALYSIS

### I.

Appellate review of custody determinations is limited to whether the trial court "abused its discretion by making findings unsupported by the evidence or by improperly applying the law." *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985).

A determination of child custody must be based on the best interests of the child. Minn.Stat. § 518.17, subd. 3 (1986). In assessing the children's best interests, a court must consider "all relevant factors," including the nine factors enumerated in Minn.Stat. § 518.17, subd. 1. The supreme court held that consideration of these factors "require[s] that when both parents seek custody of a child too young to express a preference for a particular parent and one parent has been the primary caretaker, custody be awarded to the primary parent absent a showing that the parent is unfit to be the custodian." *Pikula,* 374 N.W.2d at 713.

Under the statutory scheme and *Pikula*, the trial court is required to make particularized findings of fact as to the best interests of the child and the primary parent. *Ohm v. Ohm*, 393 N.W.2d 411, 413 (Minn.Ct.App.1986). At trial, and on appeal, both parties claim they were the children's primary parent when dissolution proceedings commenced.

The trial court's rather limited findings determined respondent to be the primary parent and awarded custody because he was better able to meet the children's educational, social and developmental needs. While specific findings relative to the primary caretaker are absent, the trial court did find that the children preferred to live with respondent. As quoted above, the primary parent analysis in *Pikula* is unnecessary when the children are old enough to express a preference for a parent or when one parent is shown unfit to be a custodian. *Pikula*, 374 N.W.2d at 713; *Schultz v. Schultz*, 383 N.W.2d 379, 381 (Minn.Ct.App.1986). Appellant claimed the children were too immature and influenced by their father's wealth and lack of discipline to express a preference. Although the court did not specifically find the children were old enough to express a preference, both the court and the custody investigator treated the preferences of the 8 and 10 year old children as independent and capable decisions. This court has held that an 8 year old is old enough to express a custodial preference. *Pekarek v. Pekarek*, 384 N.W.2d 493, 498 (Minn.Ct.App.1986); *see also Petersen v. Petersen*, 394 N.W.2d 586, 588 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Dec. 17, 1986) (7 year old child capable of expressing custodial preference).

In addition, the trial court's findings cited other indicia of parental fitness. The finding that appellant's behavior posed a danger to the children referred to the times she left them unattended when she went out socially. Further, the trial court found that consistent interference with visitation endangered the children's emotional health and development. *See, e.g., Meier v. Connelly*, 378 N.W.2d 812, 816 (Minn.Ct.App.1985). The trial testimony and evidence presented supports the trial court findings. These limited findings, combined with the record as a whole, support the custody award. The trial court did not abuse its broad discretion over custody determinations. We have considered the requirements of *Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn.1986) and find that the findings of the trial court are sufficient so as not to necessitate a remand.

## II.

Both parties sought sole physical custody of the children at trial. They further requested that joint legal custody be awarded if an acceptable arrangement could be worked out. Appellant, in her pro se brief, asks for a custody change by limiting her argument to her sufficiency as a parent and primary parent status. Her appeal nonetheless places review of the trial court's decision against joint legal custody before this court. In addition to the factors listed in Minn.Stat. § 518.17, subd. 1, when joint legal custody is sought or contemplated, the court is directed to consider the parents' ability to cooperate in child rearing, the methods and willingness to resolve disputes over decisions regarding the children, and the detrimental effect on the child should one parent have sole legal custody. Minn.Stat. § 518.17, subd. 2. This subdivision was modified effective August 1, 1986 to create a rebuttable presumption in favor of joint legal custody. However, the statutory presumption became effective law after the July 23, 1986 entry of judgment in this case which granted respondent sole custody.

The trial court's findings on the factors listed in Minn.Stat. § 518.17, subd. 2 also are limited. Abundant evidence was presented at trial demonstrating the parties' inability to communicate, the frequent visitation problems, and their general dislike for each other. The Stearns County investigator based the recommendation that respondent be awarded sole custody on appellant's willful denial of visitation and the low level of cooperation between the parties. Additionally, the trial court

found appellant had failed to cooperate as to visitation, and that her behavior posed a danger to the children's emotional and physical development. While we would prefer more particularized findings, we believe the findings and the record are sufficient to sustain the award of sole legal custody.

### DECISION

The trial court's decision regarding legal and physical custody is affirmed. We recognize that custody may be subject to future modification should there be a significant change of circumstances.

Affirmed.