SCHELLHAS, Judge
Appellant argues that the district court erred by denying him an evidentiary hearing on his custody-modification motion. We reverse and remand.
FACTS
Appellant-father Ishmael Amarreh and respondent-mother Hamida Amarreh met after they immigrated to Columbus, Ohio, from Somalia. They lived together and had two children in Columbus, a son in 2003, and a daughter in 2005. The parties are highly educated. Their affidavits reflect that father has a "PhD in neuroscience and an MPA in Public Affairs," and mother has a "Master's degree in Education and French" and is licensed to teach English as a second language to K-12 students in Minnesota.
In 2008, the family moved to Madison, Wisconsin. Following a domestic incident in February 2011, local authorities arrested father, and he pleaded guilty to disorderly conduct. A Wisconsin district court then temporarily restrained father from having contact with mother, and the parties separated. In the summer of 2011, mother moved with the children to Green Bay, Wisconsin. In early October 2011, a Wisconsin district court awarded the parents joint legal custody of the children, the physical placement of the children with mother, and periods of physical placement of the children with father.
In August 2014, father moved to Washington, D.C., in connection with his work. He continued to financially support and visit the children in Green Bay. In early 2016, mother moved to Minneapolis, leaving *230 the children in Green Bay with their maternal grandmother until June 2016. Father registered the Wisconsin child-custody order in Dakota County District Court and, in September 2017, moved to modify custody on the basis of mother's denial of and interference with his parenting time. Father alleged that mother moved the children to two new cities and a new state without advance notice to him and has denied him any contact with the children for eight months, including telephone contact. He also alleged that mother has enrolled the children in a Minneapolis mosque, about which he has no information or involvement, and that he is concerned that the children are being exposed to religious fundamentalism. Father also sought to restrict mother's parenting time. The district court denied father's motion without an evidentiary hearing, concluding that father failed to make a prima facie case that the children's "emotional health or development" was endangered.
This appeal follows.
ISSUE
Did the district court abuse its discretion by denying father's endangerment-based custody-modification motion without conducting an evidentiary hearing?
ANALYSIS
" Minnesota Statutes § 518.18(d)(iv) applies the endangerment standard to modifications of a prior custody order and requires a court to retain the custody arrangement that was established by the prior order unless the party seeking the modification makes a prima facie case for modification." In re M.J.H. , 913 N.W.2d 437, 440 (Minn. 2018) (quotations omitted). To make a prima facie case for an endangerment-based motion to modify custody, the moving party
must allege: (1) the circumstances of the children or custodian have changed; (2) modification would serve the children's best interests; (3) the children's present environment endangers their physical health, emotional health, or emotional development; and (4) the benefits of the change outweigh its detriments with respect to the children.
Id. (quotation omitted). "If the party establishes a prima facie case, the district court must then hold an evidentiary hearing to consider evidence on each factor." Id.
Multiple determinations are required of the district court in considering a motion to modify custody, and they are subject to different standards of review. Boland v. Murtha , 800 N.W.2d 179, 183 (Minn. App. 2011). The district court must first "accept the facts in the moving party's affidavits as true, disregard the contrary allegations in the nonmoving party's affidavits, and consider the allegations in the nonmoving party's affidavits only to the extent they explain or contextualize the allegations contained in the moving party's affidavits." Id. "Second, the district court determines, in its discretion, whether the moving party has made a prima facie showing for the modification or restriction." Id. "Finally, whether a party makes a prima facie case to modify custody is dispositive of whether an evidentiary hearing will occur on the motion." Id. (quotation omitted).
[W]hen this court reviews an order denying a motion to modify custody or restrict parenting time without an evidentiary hearing, we review three discrete determinations. First, we review de novo whether the district court properly treated the allegations in the moving party's affidavits as true, disregarded the contrary allegations in the nonmoving party's affidavits, and considered *231 only the explanatory allegations in the nonmoving party's affidavits. Second, we review for an abuse of discretion the district court's determination as to the existence of a prima facie case for the modification or restriction. Finally, we review de novo whether the district court properly determined the need for an evidentiary hearing.
Id. at 185.
Father argues that the district court failed to properly treat the allegations in his affidavit as true, disregard the contrary allegations in mother's affidavit, and consider only the explanatory allegations in mother's affidavit. We disagree. In concluding that father failed to make a prima facie case, the court considered father's allegations as true, stating in its order: "[e]ven accepting all Father's allegations as true, the Court finds Father has not established the four elements required to establish a prima facie case." The court's decision mentions nothing about mother's contrary or explanatory affidavit allegations. We therefore disagree with father that the district court failed to properly treat the allegations in his affidavit as true and disregard the contrary allegations in mother's affidavit.
Father argues that his allegations of endangerment are sufficient to support that element of his prima facie case because he cited mother's "complete disregard [for] ... and interference with [his] relationship with and access to the children." The district court concluded that father did not allege facts which, if taken as true, would show that the emotional health or development of the children was "presently endangered," and that father had "not established the four elements required to establish a prima facie case." (Emphasis added.) But the court found that father's affidavit alleged that mother had interfered with his relationship with the minor children. At the prima-facie-case stage of the proceeding, father need not establish anything. Father need only make allegations which, if true, would allow the district court to grant the relief he seeks.
Father alleged in his affidavit that mother moved the children to two new cities and a new state without advance notice to him. He also alleged that mother denied him any contact with the children for eight months and otherwise obstructed his contact with the children, blocking his calls to the children, telling the children that he is going to have other children and forget about them, and forbidding them from talking with him. Father further alleged that mother has failed to involve him in decision-making regarding the children's religious or educational upbringing and has obstructed his ability to obtain such information through the children's schools and medical providers.[1]
"The existence of endangerment must be determined on the particular facts of each case." Sharp v. Bilbro , 614 N.W.2d 260, 263 (Minn. App. 2000) (quotation omitted) (rejecting custodial parent's position because it "would encourage custodial parents to interfere or to continue to interfere with visitation in an attempt to prevail in a later custody dispute"), review denied (Minn. Sept. 26, 2000). "A majority of courts, including Minnesota courts, agree [ ] that a sustained course of conduct by one parent designed to diminish a child's relationship with the other parent is unacceptable and may be grounds for denying *232 or modifying custody." Lemcke v. Lemcke , 623 N.W.2d 916, 919 (Minn. App. 2001), review denied (Minn. June 19, 2001); see also ; Nies v. Nies , 407 N.W.2d 484, 487 (Minn. App. 1987) (noting district court's finding that "consistent interference with visitation endangered the children's emotional health and development"); Chafin v. Rude , 391 N.W.2d 882, 886 (Minn. App. 1986) (affirming modification of custody based on expert's opinion that mother's inability or unwillingness to support healthy relationship between son and his father posed real and serious danger to son's healthy development).
Interference with a parent-child relationship, or parental alienation, is sometimes referred to as "psychological kidnapping," and means "any constellation of behaviors by a parent, whether conscious or unconscious, that could evoke a disturbance in the relationship between a child and the targeted parent." Sandi S. Varnado, Inappropriate Parental Influence: A New App for Tort Law and Upgraded Relief for Alienated Parents , 61 DePaul L. Rev. 113, 120-21 (Fall 2011) (quotation omitted) (listing parental alienation techniques, including "cutting off the other parent's access to information about the child[ren], ... denying him information about the children's activities, or access to the child's medical or school records," and limiting "the other parent's contact with the child by refusing to allow telephone conversations or visits" (quotation omitted) ).
When a district court finds a "denial of, or interference with, a duly established parenting time schedule," the court may modify custody. Minn. Stat. § 518.18(d) (2016). Minnesota law recognizes the importance of the parent-child relationship and the need to protect it against interference from other parties. See SooHoo v. Johnson , 731 N.W.2d 815, 820 (Minn. 2007) ("A parent's right to make decisions concerning the care, custody, and control of his or her children is a protected fundamental right."); In re C.D.G.D. , 800 N.W.2d 652, 656 (Minn. App. 2011) (stating that grandparent seeking visitation rights "must prove by clear and convincing evidence that visitation would not interfere with the parent-child relationship"), review denied (Minn. Aug. 24, 2011).
Here, the district court found that father's affidavit alleged that mother had interfered with his relationship with the children.[2] The district court abused its discretion by concluding that father failed to allege facts which, if true, would make a prima facie case for modification because father sufficiently alleged emotional endangerment by providing examples of mother's substantial interference with his relationship with his children. We conclude that father's affidavit contains allegations that, if true, amount to child endangerment and that the district court erred by determining that no need existed for an evidentiary hearing on father's endangerment-based custody-modification motion. See Harkema v. Harkema , 474 N.W.2d 10, 14 (Minn. App. 1991) ("Where some dispute exists as to whether the present environment endangers the [children's] emotional development, an evidentiary hearing would be helpful and is justified.").
DECISION
Because father made a prima facie showing of substantial interference with *233 the parent-child relationship and child emotional endangerment under Minn. Stat. § 518.18(d)(iv), he is entitled to an evidentiary hearing on his custody-modification motion. We therefore reverse the district court's denial of his endangerment-based custody-modification motion and remand for further proceedings consistent with this opinion.
Reversed and remanded.

Although father alleged that mother has exposed the children at a mosque to "a toxic environment that teaches them to hate or dislike a person for their beliefs," those allegations alone, being merely conclusory and speculative, were insufficient to show a prima facie case of endangerment.

We note that the district court did not rule on, and mother does not challenge, the other factors required for an endangerment-based custody modification. See In re M.J.H. , 913 N.W.2d at 440 (listing factors required for an endangerment-based custody modification). Father therefore has satisfied these elements for the purposes of holding an evidentiary hearing as a matter of law.