*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0480**

In re the Marriage of:

Robert William Bessenbacher, petitioner,
Appellant,

vs.

Olga Sergeyevna Bessenbacher,
Respondent,

Itasca County,
Respondent.

**Filed December 26, 2023
Affirmed
Wheelock, Judge**

Itasca County District Court
File No. 31-FA-14-2754

Robert William Bessenbacher, Grand Rapids, Minnesota (pro se appellant)

Rachel L.F. Weis, Weis Legal Solutions LLC, Grand Rapids, Minnesota (for respondent Bessenbacher)

Matti R. Adam, Itasca County Attorney, Jacob P. Fauchald, Assistant County Attorney, Grand Rapids, Minnesota (for respondent county)

        Considered and decided by Larkin, Presiding Judge; Segal, Chief Judge; and Wheelock, Judge.

**WHEELOCK**, Judge

Appellant challenges the district court's orders denying his motion to modify spousal maintenance and granting his motion to modify child support. Appellant also requests that this court vacate a district court order determining that he is a frivolous litigant, as well as our decision affirming that order, and requests that this court review the "necessity of recusal" of the district court judge in this proceeding. We affirm.

## FACTS

Appellant Robert William Bessenbacher (husband) married respondent Olga Sergeyevna Bessenbacher (wife) in 1997; they separated in 2014 and were divorced in March 2016. They have seven children together, four of whom are now adults. In 2016, the dissolution decree awarded wife sole legal and sole physical custody of the then-minor children, granted husband parenting time, and required husband to pay child support and permanent spousal maintenance. Husband appealed the award of spousal maintenance, arguing that wife should be required to work rather than receive spousal maintenance, and we affirmed the award. *Bessenbacher v. Bessenbacher*, No. A17-0339, 2017 WL 3585124, at *4, *6 (Minn. App. Aug. 21, 2017). Husband has repeatedly raised the issues of spousal maintenance, custody, parenting time, and child support since the initial dissolution decree.[1]

---

[1] By the time husband appealed the orders at issue in this case, the district court had issued 13 previous orders beyond the initial dissolution decree in response to husband's numerous filings and amended filings.

In *Bessenbacher v. Bessenbacher*, No. A18-2152 (Minn. App. Aug. 5, 2019) (*Bessenbacher II*), this court affirmed several parenting-related decisions by the district court but remanded the district court's determination that husband was a frivolous litigant because of procedural concerns. In March 2020, the district court regranted wife's motion to declare husband a frivolous litigant and imposed monetary and nonmonetary sanctions on husband, ordering that when bringing any motion related to spousal maintenance, custody, parenting time, or child support, husband must post a $2,500 bond and present the motion to the district court for preapproval. During preapproval, the district court determines whether the motions have sufficient legal merit on their face to proceed. Husband appealed the March 2020 order (frivolous-litigant order), and we affirmed. *Bessenbacher v. Bessenbacher*, No. A20-0371, 2020 WL 7688652, at *4 (Minn. App. Dec. 28, 2020) (*Bessenbacher III*). Around this time, husband also moved for removal of the district court judge, and the district court denied that motion. Husband moved for reconsideration of that decision, and the chief judge of the district court denied his motion.

In June 2022, husband again moved for modification of spousal maintenance, child support, and custody. As required, husband posted the bond and sought the district court's preapproval of his motion. The district court determined that husband's motion requesting modification of spousal maintenance was frivolous and dismissed that portion of his motion. Husband requested permission to move for reconsideration of the dismissal, but the district court found no compelling circumstances to support reconsideration and denied his request. Husband then filed a petition for discretionary review of the denial of his reconsideration request. In an August 2022 order, a special-term panel of this court denied

husband's petition because the matter did not present issues of unsettled law or legal questions of broad applicability and the district court's decision was not a "death knell" to the case. *Bessenbacher v. Bessenbacher*, No. A22-1050 (Minn. App. Aug. 30, 2022) (order).

In December 2022, the district court held a hearing on husband's remaining motions to modify child support and custody. After the hearing, the district court issued an order in which it (1) granted husband sole physical custody of one of the children and adjusted parenting time accordingly, (2) maintained wife's sole legal custody of the same child, and (3) decreased the amount of husband's child-support obligation.

Husband appeals.[2]

## DECISION

Husband challenges three district court orders—the frivolous-litigant order, the order dismissing his motion to modify spousal maintenance, and the order granting his motion to modify child support. Husband argues that the district court erred in four ways. First, he argues that the district court erred in March 2020 when it determined that he is a frivolous litigant. Second, he argues that the district court erred when it determined that his motion to modify spousal maintenance did not have sufficient legal merit to proceed, because a substantial change in circumstances occurred in husband's finances and in wife's finances and the district court should impute income to wife. Third, he argues that the district court erred by not reducing husband's child-support payments by a greater amount

---

[2] Wife and respondent Itasca County did not file briefs. In July 2023, this court ordered that the appeal proceed on the merits under Minn. R. Civ. App. P. 142.03.

because substantial changes in circumstances occurred beyond the emancipation of one child and the changed physical custody of another. Finally, he requests that we "review the necessity of recusal" of the district court judge for bias. We are not persuaded by husband's arguments and address each in turn.

## I. The district court's 2020 determination that husband is a frivolous litigant is decided and cannot be reheard.

Husband requests that we vacate the district court's March 2020 frivolous-litigant order and our opinion affirming the order in *Bessenbacher III*. *Bessenbacher III* affirmed the district court's March 2020 determination that husband is a frivolous litigant. 2020 WL 7688652, at \*4. Husband did not petition the supreme court for review of that decision, and the time to do so has expired. Minn. R. Civ. App. P. 117, subd. 1(a) (requiring a party seeking review of a decision of this court to file a petition for review within 30 days of the decision). Further, husband's current request that this court grant him relief from the portion of our opinion in *Bessenbacher III* affirming the district court's determination that husband is a frivolous litigant is, functionally, a request that this court rehear the relevant portion of that appeal. The rules are clear: "No petition for rehearing shall be allowed in the Court of Appeals." Minn. R. Civ. App. P. 140.01; *see Smith v. State*, 974 N.W.2d 576, 581 (Minn. 2022) (stating that "[t]he law of the case doctrine functions to bar issues that were previously considered and denied in the same case"); *see also Sigurdson v. Isanti County*, 448 N.W.2d 62, 66 (Minn. 1989) (stating that "when the appellate court has ruled on a legal issue . . . [, t]he issue decided becomes law of the case and may not be relitigated in the trial court or reexamined in a second appeal"). Husband's request that we vacate the

district court's March 2020 frivolous-litigant order and our opinion in *Bessenbacher III* affirming that order constitutes an impermissible request. We therefore do not consider it.

## II. The district court did not abuse its discretion by dismissing husband's motion to modify spousal maintenance as frivolous.

Husband argues that the district court erred by dismissing his request to modify or terminate his spousal-maintenance payments, asserting that his motion had sufficient legal merit on its face to proceed because he asserted that his expenses had increased substantially and that wife is voluntarily underemployed. Husband also asserts that the district court erred by going beyond the face of the motion to consider evidence he submitted with his motion.

The frivolous-litigant order requires husband to present his motions to the district court for review to determine whether they should be dismissed without further proceedings. After reviewing husband's motion, the district court determined that it was "largely an attempt to re-litigate the same claims he . . . litigated unsuccessfully on several prior occasions," and that husband's "pleadings do not establish a facially viable chance that he can prove the prior spousal maintenance award [was] unreasonable and unfair." Based on these determinations, the district court dismissed husband's motion to modify spousal maintenance.

A movant makes a prima facie case for relief by "alleging facts that, if true, would provide sufficient grounds for modification." *Woolsey v. Woolsey*, 975 N.W.2d 502, 507 (Minn. 2022); *see Amarreh v. Amarreh*, 918 N.W.2d 228, 231 (Minn. App. 2018) ("At the prima-facie-case stage of the proceeding, [the movant] need not establish anything. [The

6

movant] need only make allegations which, if true, would allow the district court to grant the relief he seeks."). But a prima facie case is not made if the allegations are merely conclusory, "too vague to support a finding," or not "supported by any specific, credible evidence." *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 292 (Minn. App. 2007) (quotations omitted); *see Miller v. Miller*, 953 N.W.2d 489, 494 (Minn. 2021) (requiring the district court, when addressing a motion to intervene, to accept the movant's allegations unless they are "frivolous on their face").

To make a prima facie case to modify maintenance, the movant must allege a substantial change in circumstances that renders the existing award unreasonable and unfair. Minn. Stat. § 518A.39, subd. 2(a) (2022); *see Hecker v. Hecker*, 568 N.W.2d 705, 709 (Minn. 1997). Appellate courts use an abuse-of-discretion standard to review a district court's determination of whether a movant made a prima facie case for the relief sought. *Hecker*, 568 N.W.2d at 709. "A district court abuses its discretion in making such a decision if it makes findings of fact that are not supported by the record, misapplies the law, or resolves the matter in a manner that is contrary to logic and the facts on record." *Madden v. Madden*, 923 N.W.2d 688, 696 (Minn. App. 2019); *see Woolsey*, 975 N.W.2d at 506 (same); *Bender v. Bernhard*, 971 N.W.2d 257, 262 (Minn. 2022) (same).

Here, we cannot say that husband has shown that the district court abused its discretion in ruling that he failed to allege facts which, if true, would allow the district court to modify his maintenance obligation. First, husband's motion to the district court and his brief to this court assert that his financial circumstances deteriorated because his expenses have increased, because his tax benefits have decreased due to the emancipation of some

7

of the children and the increase in his income, and because of overall price inflation. But husband does not address how (1) the alleged increase in his expenses is distinct from what he asserts is a separate basis for modification—overall inflation; (2) inflation constitutes a deterioration in his financial circumstances but not wife's financial circumstances; (3) the alleged changes in his financial circumstances are substantial; and (4) the alleged changes in his financial circumstances render the existing maintenance obligation unreasonable and unfair, in part because many of the changes that he asserts would also undermine wife's financial circumstances.

Second, husband asserted that wife's financial circumstances changed because her earning capacity is not limited in the same way it was when the original order establishing spousal maintenance was issued. But husband does not articulate how her earning capacity is no longer limited. Nor does husband explain why fewer limits on her ability to work constitute a substantial change that renders the original award unreasonable and unfair. In fact, he acknowledges that in the initial dissolution proceedings and the March 2016 decree, the district court found that wife was able to work as a Russian translator. Husband does not assert that wife is now able to obtain a job other than as a Russian translator, nor does he allege other changes in circumstances that would establish a prima facie case for spousal-maintenance modification.

Here, the district court reviewed husband's allegedly increased expenses and determined that the numbers husband provided were unreasonable on their face. *See Miller*, 953 N.W.2d at 494. The district court reviews the motion submitted as a whole to determine whether the facts alleged, if true, would support a finding that husband's

8

circumstances had changed sufficiently to warrant a modification; here, the district court determined that husband's motion did not do so. The district court also observed that the arguments husband made in his motion to modify spousal maintenance—specifically regarding his expenses and whether wife should become employed or have income imputed to her—were the same claims and arguments that he had made several times before and that the district court had already considered and rejected.

Because the district court provided its reasons and explained how husband's allegations, even if true, failed to rise to the level of a substantial change in circumstances rendering the existing maintenance obligation unreasonable and unfair, we see no abuse of discretion in the district court's decision.[3] Thus, the district court did not abuse its discretion by dismissing the portion of husband's motion seeking to modify or terminate spousal maintenance as frivolous and not holding a hearing on that issue.[4]

### III. The district court did not abuse its discretion by not reducing husband's child-support obligation by a greater amount.

Husband's arguments regarding the district court's alleged abuse of its discretion in its modification of his child-support obligation are difficult to separate from his arguments

---

[3] Husband also asserts that his bankruptcy filing supports modification of spousal maintenance, but husband did not raise this issue in the district court. We do not consider this argument because a party cannot raise a new issue on appeal or "obtain review by raising the same general issue litigated below but under a different theory." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

[4] Husband devotes a significant portion of his brief to arguments about wife's imputed income and whether wife should be required to work that relate to his motion to modify spousal maintenance. The district court pointed out that husband has repeatedly raised this issue and that it has consistently been rejected. We agree with the district court's assessment.

about spousal maintenance. To the extent we can discern his arguments, we conclude that the district court did not abuse its discretion in modifying the child-support order and not reducing husband's child-support obligation by a larger amount. Because the district court found that two events occurred that were substantial changes in circumstances that rendered the existing support obligation unreasonable and unfair, it modified husband's child-support obligation by reducing it accordingly, applying the Minnesota Child Support Guidelines. However, husband also alleged that additional changes in circumstances—increased expenses, increased cost of living, inflation, and the loss of tax benefits due to his children reaching the age of majority—existed that required the district court to reduce his child-support obligation further. He asserts that the district court erred by determining that these additional changes in circumstances were not a basis to further reduce his child-support obligation.

We review a district court's decision to modify child support for an abuse of discretion. *Shearer v. Shearer*, 891 N.W.2d 72, 77 (Minn. App. 2017). So long as the district court's determination of child support is reasonable and acceptable based on the facts in the record and is not contrary to logic, we will not disturb the order. *See Madden*, 923 N.W.2d at 696; *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn. App. 1984). An obligation calculated pursuant to the child-support guidelines is presumptively reasonable. Minn. Stat. § 518A.34(a) (2022).

Here, husband does not challenge that the new support obligation set by the district court is the presumptively appropriate guideline amount based on the district court's

findings,[5] and husband cites no authority showing that that a guideline obligation is unreasonable given his circumstances. Nor does he make any argument on the point that was not previously rejected by the district court, or was not rejected above in this opinion, or both. We therefore conclude that the district court did not abuse its discretion when it determined that husband's increased expenses, increased cost of living, inflation, and the loss of tax benefits due to his children reaching the age of majority are not circumstances that make the presumptively appropriate guideline child-support obligation set by the district court unreasonable.

## IV. The district court did not abuse its discretion by denying an oral motion for removal of the judge.

Finally, husband requests that we "evaluate the matter of the district court and the necessity of recusal in this case," arguing that the judge was required to recuse herself from these proceedings because the judge acted with "premeditated prejudice" and failed to follow the directives of this court. Our review of the record shows that husband made one reference to a request for recusal at the hearing in December 2022 but never filed a formal request to remove the judge assigned to this case. The district court denied husband's request at the hearing.

Assuming that husband followed the proper procedure to seek the judge's recusal, appellate relief would not be appropriate here. Specifically, appellate courts review a

---

[5] Husband incorporates his argument that the district court should impute income to wife in his challenge to the child-support determinations; however, the district court rejected husband's request to revisit the basis for its previous determination that income should not be imputed to wife, and we conclude in this opinion that, in so doing, the district court did not err.

district court's ruling on a request to recuse after that judge has presided in a case for an abuse of the district court's discretion. *Haefele v. Haefele*, 621 N.W.2d 758, 766 (Minn. App. 2001), *rev. denied* (Minn. Feb. 21, 2001). To seek to remove a district court judge who has presided at a motion or any other proceeding of which the party had notice, the movant must make "an affirmative showing that the judge is disqualified under the Code of Judicial Conduct." Minn. R. Civ. P. 63.03. And the Code of Judicial Conduct provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Minn. Code Jud. Conduct Rule 2.11. Prior adverse rulings, however, do not constitute judicial bias. *Greer v. State*, 673 N.W.2d 151, 157 (Minn. 2004).

Here, husband argues that the judge demonstrated a pattern of "premeditated prejudice" and bias that showed an inability to be objective. Husband identifies several of the judge's factual findings and rulings that he alleges show bias because they were unfavorable to him, such as the judge's calculation of husband's expenses and her determination that husband is a frivolous litigant. But, by themselves, such rulings insufficient under *Greer* to show the bias necessary to require appellate relief from a district court's denial of a motion to remove the judge.[6] 673 N.W.2d at 157.

---

[6] Husband also appears to argue that the district court failed to comply with the 2020 and 2022 decisions of this court, but he does not elaborate or explain how the district court erred. Generally, appellate courts do not consider inadequately briefed issues. *State, Dep't of Labor & Indus. by Special Comp. Fund v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to address an inadequately briefed issue); *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007) (applying *Wintz* in a family law appeal). And husband appears to misread our opinions based on one sentence that states, "Sanctions do

In sum, we conclude that the district court's determination that husband is a frivolous litigant in these proceedings is already decided and cannot be reheard, that the district court did not err by dismissing husband's motion to modify spousal maintenance, and that the district court did not abuse its discretion by modifying the child-support order based solely on those alleged changed circumstances that it determined were substantial and rendered the original award unreasonable and unfair. Finally, we conclude that husband provides no basis that would require the judge to recuse herself.

**Affirmed.**

---

not prevent appellant from filing further motions." *Bessenbacher III*, 2020 WL 7688652, at \*3. Husband asserts that this sentence shows that we directed the district court to allow him to file motions about spousal maintenance. But we made that statement in the context of reviewing the effectiveness of prior sanctions imposed against husband and to note that sanctions have not deterred husband from continuing to file frivolous motions.